IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENDRICK SIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-1221-D |
| ) | |
| CHRISTE QUICK, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendants' Motion to Dismiss and Brief in Support [Doc. No. 19] ("Motion"). Defendants assert that the Complaint should be dismissed pursuant to both Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Plaintiff filed a Response [Doc. No. 22], to which Defendants replied [Doc. No. 23]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiff, an Oklahoma death row inmate, was among a group of inmates that challenged Oklahoma's method-of-execution statute[1] in state court. The Oklahoma Court of Criminal Appeals ("OCCA") denied the claim as unripe. *Underwood v. Harpe*, PR-2024-637 (Okla. Crim. App. Sep. 17, 2024). In a later case, the OCCA clarified that its decision was based on the prudential ripeness standard. *Littlejohn v. Harpe*, PR-2024-740 (Okla. Crim. App. Sep. 25, 2024). Plaintiff filed the Complaint in this lawsuit under 42

---

[1] Okla. Stat. tit. 22, § 1014.

U.S.C. § 1983 alleging violations of his constitutional rights to due process, judicial access, and equal protection. Plaintiff names three state officials in their official capacity as Defendants. For relief, he requests this Court "[d]eclare that Oklahoma's procedural process violated his rights to due process, judicial access, and equal protection" and "[e]njoin the prison from executing [Plaintiff] until a lawful process is provided in which he can meaningfully challenge the lawfulness of Oklahoma's execution statute." Compl. ¶¶ A-B. Defendants allege this Court lacks jurisdiction to hear Plaintiff's claims, and alternatively, that Plaintiff fails to state a claim upon which relief can be granted.

Manuel Littlejohn ("Littlejohn"), a party to the initial state court lawsuit challenging Oklahoma's method-of-execution statute, brought a similar federal lawsuit claiming a violation of procedural due process. *Littlejohn v. Quick*, No. CIV-24-996-SLP, 2024 WL 4314973 (W.D. Okla. Sep. 25, 2024). That suit was dismissed without prejudice for lack of jurisdiction pursuant to the doctrines of both *Rooker-Feldman* and Eleventh Amendment immunity. *Id.* at *2-4. Littlejohn then filed an appeal and emergency motion for a stay of execution pending appeal with the Tenth Circuit. The Tenth Circuit denied the emergency motion for a stay noting that Littlejohn did "not address the jurisdictional basis for the district court's ruling or establish[] that he is likely to succeed on appeal in arguing that the ruling was incorrect under the *Rooker-Feldman* doctrine or as to Eleventh Amendment immunity." *Littlejohn v. Quick*, No. 24-6203 (10th Cir. Sep. 26, 2024).

## STANDARD OF DECISION

Under Rule 12(b)(1), a defendant may move the court to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). It is presumed "that a cause lies outside this

[Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *United States v. Hopson*, 150 F.4th 1290, 1298 (10th Cir. 2025). A facial attack regarding subject matter jurisdiction requires the court to accept the allegations in the complaint as true. *Smith v. United States*, 561 F.3d 1090, 1097-98 (10th Cir. 2009).

## DISCUSSION

### I. Rooker-Feldman

The *Rooker-Feldman* doctrine is a jurisdictional bar "prohibit[ing] federal suits that amount to appeals of state-court judgments." *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006); *Campbell v. City of Spencer*, 682 F.3d 1278, 1281 (10th Cir. 2012).[2] *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Plaintiff claims *Rooker-Feldman* is not applicable here because 1) his injuries were not caused by the state court's judgment and 2) he is not asking the Court to review and overturn the state court judgment. Resp. at 16. These defenses are intertwined because courts "approach the question . . . of whether the state-court judgement caused . . . the injury . . . [by] paying close attention to the relief

---

[2] The doctrine is named after the two cases it is derived from. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 412 (1923).

sought in the federal suit." *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237 (citation modified).

Plaintiff's claims require this Court to review the OCCA's judgment. The type of appellate review barred by *Rooker-Feldman* "consists of a review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law." *Bolden*, 441 F.3d at 1143. In contrast, a claim does not run afoul of *Rooker-Feldman* when the second court can reach a conclusion "without concerning itself with the bona fides of the prior judgment (which may or may not have been a lawful judgment under the evidence and argument presented to the first court)." *Id.* Plaintiff does not allege any constitutional violations other than the OCCA's conclusion that Plaintiff's claim was not ripe. Providing the relief Plaintiff requests requires wading into the facts and legal analysis performed by the OCCA to determine if the OCCA reached an improper result as to ripeness in Plaintiff's case based on a faulty application of the law. This is the type of appellate review barred by *Rooker-Feldman*.

Further, Plaintiff's requested relief would overturn the OCCA's judgment. The illustration provided in *Bolden* is helpful.

> To illustrate, say a father was deprived of custody of his child by a state-court judgment. If he files suit in federal court, seeking to invalidate the state-court judgment on the ground that the state-court proceedings deprived him of due process or that the judgment was otherwise contrary to federal law, his suit would be barred by *Rooker–Feldman;* the suit usurps the Supreme Court's exclusive appellate jurisdiction because it seeks to set aside the judgment based on a review of the prior proceedings. If, however, the father simply brought suit in federal court seeking custody of his child, without raising any complaint about the state-court proceedings, *Rooker–Feldman* cannot be invoked; his federal claim would have been the same even in the absence of the state-court judgment.

4

441 F.3d at 1145.  The only relief this Court could grant would place Plaintiff in the same position he occupied prior to the OCCA's decisions.  This amounts to reversing the OCCA's judgment.  It also demonstrates that the state court judgment is what caused Plaintiff's alleged harm; sans allegations regarding the OCCA's ripeness ruling, Plaintiff's Complaint is devoid of any specific state action for this Court's review.

Finally, Plaintiff argues that his case is modeled after three cases allowing Texas prisoners to challenge Texas' postconviction DNA statute: *Gutierrez v. Saenz*, 606 U.S. 305 (2025); *Reed v. Goertz*, 598 U.S. 230 (2023); *Skinner v. Switzer*, 562 U.S. 521 (2011). These cases are distinguishable.  In *Skinner* and *Reed*, the prisoner did not challenge the decision reached by the state court in applying the statute to his motion but instead challenged the constitutionality of the statute as construed by the state courts.  *Skinner*, 562 U.S. at 530-32; *Reed*, 598 U.S. at 235.  In *Gutierrez*, the prisoner also challenged "the Texas courts['] interpretation[ion] of Article 64."  *Gutierrez*, 606 U.S. at 312.  In each of the cases the prisoner asserted that the Texas statute was constitutionally inadequate as to any prisoner who failed to seek DNA testing before trial.  Here, Plaintiff does not allege that the Court wrongly interpreted an independent statute making the statute unconstitutional.  Instead, Plaintiff is challenging the OCCA's ripeness decision in his specific claim; he claims "the state process he encountered was one of a kind" and that the process "introduced an overwhelming ripeness burden that was discordant with the underlying claim." Compl. ¶¶ 2-3, 12, 16.  This amounts to a challenge of the adverse OCCA decision rather than an independent constitutional challenge to a statute or rule construed by the OCCA.

5

*Rooker-Feldman* bars this Court from reviewing Plaintiff's claims seeking direct review of a state court judgment and therefore may be brought only in the Supreme Court of the United States—not a lower federal court. *Mo's Express, LLC*, 441 F.3d at 1233.

## II.  Eleventh Amendment Immunity

Plaintiff's claims, suing three state officials in their official capacity, do not fall under the *Ex parte Young* exception to Eleventh Amendment immunity. "The Eleventh Amendment constitutionalizes the doctrine of state sovereign immunity." *Free Speech Coal., Inc. v. Anderson*, 119 F.4th 732, 735-36 (citation modified). The immunity from suit in federal court extends to suits "against a state official in his or her official capacity." *Id.* However, the *Ex parte Young* exception allows suits against "state officers in their official capacities if the lawsuit seeks prospective relief for an ongoing violation of federal law." *Id.*

Plaintiff argues that the "ongoing violation of federal law" will continue "so long as the prison plans to execute him while the state process bars his attempt to show that the prison's actions are unlawful." Resp. at 23. For *Ex parte Young* to apply, the state officials sued "must have some connection with the enforcement of the [state law], or else [the lawsuit] is merely making [the officer] a party as a representative of the state, and thereby attempting to make the state a party." *Ex parte Young*, 209 U.S. 123, 157 (1908). The official sued "must have a particular duty to enforce the statute in question." *Free Speech Coal., Inc.*, 119 F.4th at 736 (citation modified). Here, while Plaintiff requests this Court enjoin his execution, that injunction is not linked to the state action Plaintiff challenges in the present lawsuit. Plaintiff is not challenging the method-of-execution statute before this

6

Court. Resp. at 24. He is challenging the constitutionality of the OCCA's ripeness determination. *Id.* However, the officials he sued are not connected to the allegedly unconstitutional ripeness determination by the OCCA. The *Ex parte Young* exception does not apply to Plaintiff's claims.

## CONCLUSION

For these reasons, Defendants' Motion to Dismiss and Brief in Support [Doc. No. 19] is **GRANTED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS SO ORDERED** this 19th day of December, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge