IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENDRICK SIMPSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-25-1221-D |
| CHRISTE QUICK, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is Plaintiff's Motion to Transfer and Expedite [Doc. No. 27] ("Motion"). Plaintiff filed the Motion and his Motion for a Preliminary Injunction [Doc. No. 26] contemporaneously. The Motion requests that the Court expeditiously transfer the Motion for Preliminary Injunction to the Clerk of the United States Court of Appeals for the Tenth Circuit.

## BACKGROUND

Plaintiff, an Oklahoma death row inmate, was among a group of inmates who challenged Oklahoma's method-of-execution statute[1] in state court. The Oklahoma Court of Criminal Appeals ("OCCA") denied the claim as unripe. *Underwood v. Harpe*, PR-2024-637 (Okla. Crim. App. Sep. 17, 2024). Plaintiff filed suit in this Court under 42 U.S.C. § 1983 alleging violations of his constitutional rights to due process, judicial access, and equal protection based on the OCCA's handling of the state-court lawsuit. While the

---

[1] Okla. Stat. tit. 22, § 1014.

federal suit was pending, the OCCA set Plaintiff's execution date for February 12, 2026. Order Setting Execution Date, *Simpson v. State*, No. D-2007-1055 (Okla. Crim. App. Nov. 19, 2025). This Court dismissed Plaintiff's § 1983 suit without prejudice for lack of jurisdiction pursuant to the doctrines of both *Rooker-Feldman* and Eleventh Amendment immunity. Plaintiff filed his Motion for a Preliminary Injunction requesting that Defendants be barred from executing him while he pursues an appeal of this Court's decision pursuant to Federal Rules of Appellate Procedure 8(a)(1)(C). The current Motion requests an expedited transfer of his Motion for a Preliminary Injunction to the Tenth Circuit in light of his execution date.

## DISCUSSION

Plaintiff requests his Motion for a Preliminary Injunction be transferred "because of the Court's ruling that it lacks jurisdiction in this case." Motion at 1. In support Plaintiff cites 28 U.S.C. § 1631 and *Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006). However, neither of those authorities are applicable.

First, *Spitznas*, dealt with second or successive habeas petitions which, by statute, must be referred to the "appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). There is no corresponding requirement for § 1983 claims like Plaintiff's. In fact, the court in *Spitznas* explained that the district court should address the merits of any portion of a motion that was not a second or successive habeas claim and forward only the portions constituting second or successive habeas claims to the court of appeals. 464 F.3d at 1217. There is no statutory requirement

that any portion of Plaintiff's Motion for a Preliminary Injunction or his § 1983 claims be referred to a court of appeals before this Court may address the merits.

Second, 28 U.S.C. § 1631 authorizes a court finding "a want of jurisdiction" to transfer a case to another court "in which the action or appeal could have been brought at the time it was filed," if it furthers "the interest of justice." This Court found it lacks jurisdiction over Plaintiff's § 1983 claims—and the same jurisdictional bars apply to the Tenth Circuit. The *Rooker-Feldman* doctrine is a jurisdictional bar "prohibit[ing] federal suits that amount to appeals of state-court judgments." *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006); *Campbell v. City of Spencer*, 682 F.3d 1278, 1281 (10th Cir. 2012).

"The Eleventh Amendment constitutionalizes the doctrine of state sovereign immunity," including immunity from suit in federal courts. *Free Speech Coal., Inc. v. Anderson*, 119 F.4th 732, 735-36 (10th Cir. 2024) (citation modified). The Tenth Circuit, a federal court, would similarly lack jurisdiction over Plaintiff's claims. Therefore, this Court can find neither that Plaintiff's action could have been brought in the Tenth Circuit nor that it is in the interest of justice to transfer the action. *See Punchard v. U.S. Bureau of Land Mgmt.*, 180 F. App'x 817, 819 (10th Cir. 2006) (declining to transfer case because interest of justice not served when claim was barred by statute of limitations). Further, Rule 8(a) explicitly conveys unique jurisdiction to a district court to consider motions brought before it pursuant to the Rule. *See Universitas Educ., LLC v. Avon Cap., LLC*, 124 F.4th 1231, 1242-43 (10th Cir. 2024) (discussing that although an appeal divests district courts of jurisdiction over aspects of the case involved in the appeal, Rule 8(a) expresses

3

the authority of district courts to grant an injunction to maintain the status quo while an appeal is pending).

Plaintiff has not identified, and this Court cannot find, any authority authorizing it to transfer a motion brought pursuant to Rule 8(a) in contravention of the Rule's purpose: district courts ordinarily address Rule 8 motions first because it is the "court which is best and most conveniently able to exercise the nice discretion needed to determine th[e] balance of convenience." *Cumberland Tel. Co. v. Pub. Serv. Comm.,* 260 U.S. 212, 219 (1922) (relied upon in Advisory Committee Note to Fed. R. App. P. 8(a)).

## CONCLUSION

For these reasons, Plaintiff's Motion to Transfer and Expedite is **GRANTED IN PART** and **DENIED IN PART** as set forth below:

Plaintiff's request to transfer his Motion for a Preliminary Injunction is **DENIED**.

Given Plaintiff's scheduled execution date of February 12, 2026, Plaintiff's request for expedited proceedings is **GRANTED**. Defendants shall file their response(s) to the Motion for a Preliminary Injunction [Doc. No. 26] no later than January 6, 2026.

**IT IS SO ORDERED** this 24th day of December, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge