IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENDRICK SIMPSON, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. CIV-25-1221-D |
| CHRISTE QUICK, et al., | ) |
|       Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Motion for a Preliminary Injunction [Doc. No. 26]. Defendants filed a Response [Doc. No. 29], to which Plaintiff replied [Doc. No. 30]. The matter is fully briefed.

## BACKGROUND

Plaintiff, an Oklahoma death row inmate, was among a group of inmates who challenged Oklahoma's method-of-execution statute[1] in state court. The Oklahoma Court of Criminal Appeals ("OCCA") denied the claim as unripe. *Underwood v. Harpe*, PR-2024-637 (Okla. Crim. App. Sep. 17, 2024). Plaintiff filed suit in this Court under 42 U.S.C. § 1983 alleging violations of his constitutional rights to due process, judicial access, and equal protection based on the OCCA's handling of the state-court lawsuit. While the federal suit was pending, the OCCA set Plaintiff's execution date for February 12, 2026. Order Setting Execution Date, *Simpson v. State*, No. D-2007-1055 (Okla. Crim. App.

---

[1] Okla. Stat. tit. 22, § 1014.

Nov. 19, 2025). This Court dismissed Plaintiff's § 1983 suit without prejudice for lack of jurisdiction pursuant to the doctrines of both *Rooker-Feldman* and Eleventh Amendment immunity. [Doc. No. 24] ("MTD Order"). Pursuant to Rule 8(a)(1)(C) of the Federal Rules of Appellate Procedure, Plaintiff filed his Motion for a Preliminary Injunction requesting that Defendants be enjoined from executing him while he appeals this Court's decision.

## STANDARD

To obtain an injunction pending appeal, Plaintiff must establish 1) "the likelihood of success on appeal;" 2) "the threat of irreparable harm if the stay or injunction is not granted;" 3) "the absence of harm to opposing parties if the stay or injunction is granted;" and 4) "any risk of harm to the public interest." *Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001). "The third and fourth prongs 'merge when the Government is the opposing party.'" *Does 1-11 v. Bd. of Regents of Univ. of Colo.*, 100 F.4th 1251, 1267 (10th Cir. 2024) (quoting *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

## DISCUSSION

**I.    The Court lacks jurisdiction to issue the requested injunction**

The same jurisdictional concerns addressed in the MTD Order apply to Plaintiff's current injunction request. For the reasons explained in the MTD Order, this Court found it did not have jurisdiction over Plaintiff's claims against the Defendants under both the *Rooker-Feldman* doctrine and Eleventh Amendment immunity. *Rooker-Feldman* precludes a district court from exercising subject-matter jurisdiction. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). Subject matter jurisdiction "represents the extent to which a court can rule on the conduct of persons or the status of

2

things." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citation modified). "A final determination of lack of subject-matter jurisdiction . . . precludes further adjudication of it." *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992). Additionally, no "other basis of jurisdiction may override the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). "[T]he extraordinary remedy of injunction . . . directs the conduct of a party, and does so with the backing of [the court's] full coercive powers." *Nken v. Holder*, 556 U.S. 418, 428 (2009) (citation modified). This Court lacks jurisdiction to direct Defendants' actions on Plaintiff's underlying claims; this Court lacks jurisdiction to direct the same Defendants not to act pending Plaintiff's appeal of the underlying claims.

II.    **Alternatively, Plaintiff has not met his burden to obtain an injunction**

Even if the exercise of jurisdiction were proper, Plaintiff fails to meet his burden to obtain an injunction pending appeal. To show a substantial likelihood of success on the merits, Plaintiff must show "a reasonable probability that [he] will ultimately be entitled to the relief sought." *Harmon v. City of Norman*, 981 F.3d 1141, 1146 (10th Cir. 2020) (citation modified). As discussed above, the Court determined that it did not have jurisdiction under both the *Rooker-Feldman* doctrine and Eleventh Amendment immunity. Plaintiff does not explain how the Court can reach the merits of his claim, and therefore he has not shown that he will ultimately be entitled to the relief sought. Plaintiff has not shown a substantial likelihood of success on the merits.

In a similar case dismissed by the district court pursuant to *Rooker-Feldman* and Eleventh Amendment immunity, the Tenth Circuit denied an emergency motion for a stay

because the appellant did "not address the jurisdictional basis for the district court's ruling or establish[] that he is likely to succeed on appeal in arguing that the ruling was incorrect under the *Rooker-Feldman* doctrine or as to Eleventh Amendment immunity." *Littlejohn v. Quick*, No. 24-6203 (10th Cir. Sep. 26, 2024). Plaintiff's present motion does not present any new argument for why the jurisdictional issues are not applicable, and thus this Court cannot find that Plaintiff is likely to succeed on the merits of his appeal.

Although Plaintiff argues that the risk of irreparable harm is so great that an injunction is warranted regardless of the likelihood of success on the merits, this position is not supported by binding precedent. "[A]ny modified test which relaxes one of the prongs for preliminary relief and thus deviates from the standard [preliminary injunction] test is impermissible. *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1282 (10th Cir. 2016) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). Plaintiff must show a likelihood of success on the merits in order for an injunction to issue.

## CONCLUSION

For the above stated reasons, the Court finds that it does not have jurisdiction to enjoin the Defendants as requested and, alternatively, Plaintiff has failed to establish the necessary factors supporting an injunction, and therefore **DENIES** Plaintiff's Motion for a Preliminary Injunction [Doc. No. 26].

**IT IS SO ORDERED** this 8th day of January, 2026.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

4